IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CENTRAL IOWA CARPENTERS ) <br> PENSION PLAN TRUST FUND, *et al.*, ) <br>   ) <br> Plaintiffs, ) <br> v.   ) <br>   ) <br> WEBER CONSTRUCTION ) <br> SERVICES, INC., ) <br>   ) <br> Defendant. ) | No. 4:21-cv-00089-RGE-HCA |

**PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT
BY THE COURT (PURSUANT TO RULE 55(b)(2),
FEDERAL RULES OF CIVIL PROCEDURE)**

Come now Central Iowa Carpenters Pension Plan Trust Fund, Central Iowa Carpenters Money Purchase Plan, and their respective Trustees, plaintiffs in the above entitled cause, and move this Court for a Judgment by Default in the above entitled cause and show that the Complaint in the above was filed with this Court on March 17, 2021; that the Summons and Complaint were duly served on defendant through its Registered Agent, Fernando Weber, on March 30, 2021; and that no Answer or other defense has been filed by the defendant.

WHEREFORE, plaintiffs move this Court to make and enter the following Orders, Judgments and Decrees:

## COUNT I

1. For an Order directing an accounting of defendant Weber Construction Services, Inc.'s business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the

{00456190;CIC20-137;CHN }

jurisdiction of the collective bargaining agreements and Trust Agreement by defendant during the period **January 1, 2017,** to date.

2. For a Judgment in favor of plaintiff, Central Iowa Carpenters Pension Plan Trust Fund, and against defendant Weber Construction Services, Inc. for a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 1, 2017,** to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

3. For an Order that defendant Weber Construction Services, Inc. be required to specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefit contributions to the Central Iowa Carpenters Pension Plan Trust Fund on behalf of employees working under the collective bargaining agreements.

4. That defendant Weber Construction Services, Inc. maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT II

1. For an Order directing an accounting of defendant Weber Construction Services, Inc.'s business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the

jurisdiction of the collective bargaining agreements and Trust Agreement by defendant during the period **January 1, 2017,** to date.

2. For a Judgment in favor of plaintiff, Central Iowa Carpenters Money Purchase Plan, and against the defendant Weber Construction Services, Inc. for a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 1, 2017,** to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

3. For an Order that defendant Weber Construction Services, Inc. be required to specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefit contributions to the Central Iowa Carpenters Money Purchase Plan on behalf of employees working under the collective bargaining agreements.

4. That defendant Weber Construction Services, Inc. maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

ARNOLD, NEWBOLD, SOLLARS & HOLLINS, P.C.

/s/Bradley J. Sollars
Bradley J. Sollars, Bar No. AT0007502
Aaron D. Schuster, *Pro Hac Vice*
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone:   (816) 421-5788
Facsimile:   (816) 471-5574
E-mail: bjsollars@a-nlaw.com
E-mail: adschuster@a-nlaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing Motion for Judgment by Default by the Court, Suggestions in Support thereof, the Affidavit of Failure to Plead or Otherwise Defend In Support of Application For Entry For Default were filed electronically with the Clerk of the Court using the CM/ECF system; and a true and correct copy of each were sent postage prepaid by U.S. Mail, certified-return receipt requested, the 4th day of May, 2021 to:

Weber Construction Services, Inc.
c/o Fernando Weber, Registered Agent
3116 355th St. SW
Oxford, IA  52322

                                                  */s/Bradley J. Sollars*
                                                  Bradley J. Sollars