IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CENTRAL IOWA CARPENTERS PENSION PLAN TRUST FUND and CENTRAL IOWA CARPENTERS MONEY PURCHASE PLAN,<br><br>Plaintiffs,<br>v.<br><br>WEBER CONSTRUCTION SERVICES, INC.,<br><br>Defendant. | No. 4:21-cv-00089-RGE-HCA<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

Now before the Court is Plaintiff Central Iowa Carpenters Pension Plan Trust Fund and Plaintiff Central Iowa Carpenters Money Purchase Plan's Motion for Judgment by Default by the Court. ECF No. 7. Defendant Weber Construction Services, Inc. has not filed a response to the pending motion. The record reflects Plaintiffs filed this action on March 17, 2021, ECF No. 1, and Weber Construction was served on March 30, 2021. Proof of Serv. 2, ECF No. 6. Weber Construction has failed to answer or otherwise respond to Plaintiffs' Complaint within the 21 days of service of process. On May 5, 2021, the Clerk of Court entered default pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 9. On June 4, 2021, the Court ordered Weber Construction to show cause in writing by no later than June 18, 2021, as to why default judgment should not be entered against it pursuant to Federal Rule of Civil Procedure 55(b). ECF No. 10. Weber Construction has not responded.

The Court has reviewed the motion and all supporting documentation. Based on the admitted factual allegations in the Complaint, the Court concludes there is a sufficient basis for determining Weber Construction's liability. *See* ECF No. 1. The Court grants Plaintiffs' motion for default judgment on the issue of liability.

"It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944). The district court has an obligation to ensure there is a legitimate basis for any award of damages it enters. *Am. Red Cross v. Cmty. Blood Ctr.*, 257 F.3d 859, 864 (8th Cir. 2001) ("When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding." (quoting *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir.2001) (internal quotation marks omitted))). Once the amount of damages has been established, the Court may enter judgment pursuant to Federal Rule of Civil Procedure 55(b)(2)(B).

In this case, the amount of damages is not adequately supported by the record. The Court will not grant damages at this time. The Court's assessment of damages is reserved until a full and complete accounting of Weber Construction's "business books, records, ledger and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement[s] by [Weber Construction] during the period January 1, 2017, to date." ECF No. 7 at 3.

**IT IS ORDERED** that Plaintiff Central Iowa Carpenters Pension Plan Trust Fund and Plaintiff Central Iowa Carpenters Money Purchase Plan's Motion for Judgment by Default by the Court, ECF No. 7, is **GRANTED** as to liability.

**IT IS FURTHER ORDERED** that the assessment of damages is **RESERVED** until a full and complete accounting of Defendant Weber Construction Services, Inc.'s books and records has been completed and the specific total amounts due and owing are ascertained.

**IT IS FURTHER ORDERED** that Defendant Weber Construction Services, Inc. shall permit an accounting of its business books, records, ledgers, and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees, and any additional records or documents relevant to determining the total number of hours worked by and/or the total amount paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreements for the period starting January 1, 2017, to the date of this Order.

**IT IS FURTHER ORDERED** that Defendant Weber Construction Services, Inc. specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to Plaintiff Central Iowa Carpenters Pension Plan Trust Fund on behalf of employees working under the collective bargaining agreements.

**IT IS FURTHER ORDERED** that Defendant Weber Construction Services, Inc. specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to Plaintiff Central Iowa Carpenters Money Purchase Plan on behalf of employees working under the collective bargaining agreements.

**IT IS FURTHER ORDERED** that Defendant Weber Construction Services, Inc. maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

**IT IS FURTHER ORDERED** that Plaintiffs Central Iowa Carpenters Pension Plan Trust Fund and Central Iowa Carpenters Money Purchase Plan shall provide the Court with additional documentation to determine the amount due to Plaintiffs. Plaintiffs shall file a clear accounting of the amount of damages requested by no later than November 1, 2021.

**IT IS SO ORDERED.**

Dated this 6th day of July, 2021.

_____
REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE